McDOWELL v. RATHBUN. (No. 7747.)

(Court of Civil Appeals of Texas. Dallas. March 17, 1917.)

1. LANDLORD AND TENANT ⊂⇒331(8)—ACTION FOR RENT—DIRECTED VERDICT—PROVISIONS OF LEASE.

　　Where a lease provided for a share of the crops as rental and stipulated that, if the tenant failed to gather or work the crops, the landlord might do so, and also provided that a note of the tenant held by the landlord was to be paid from the crop, and it was undisputed that the landlord had sold all the grain which the tenant permitted her to haul from the place, after the tenant's refusal to thresh when requested by the landlord, and had applied the proceeds to the payment of the threshing charges, the note held by the landlord, and advances

for supplies furnished, leaving only a small balance to apply on the rent, it was proper to direct a verdict for the landlord, notwithstanding the tenant's testimony that he permitted the landlord to haul away only her share of the grain due as rent and did not authorize its sale for the purpose of paying the note.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1384.]

2. LANDLORD AND TENANT ⊂⇒326(1)—RIGHTS OF LANDLORD—ENTRY—CONDITIONAL CONSENT.

　　Where a landlord had no right to enter the premises and thresh the grain except with the tenant's consent, and such consent was given on condition that she thresh only the portion of the grain due her for rent, she was not a trespasser on the premises and could apply the proceeds of grain threshed by her to the payment of other debts which the lease provided should be paid from the crop.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1367, 1370–1374.]

3. LANDLORD AND TENANT ⊂⇒327—PAYMENT OF RENT—SETTING APART GRAIN.

　　One employed by the tenant to supervise the threshing of the grain has no authority to set apart the share of the grain due the landlord, and his act in setting apart such share is not a payment of the rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1371.]

Appeal from Collin County Court; H. L. Davis, Judge.

Suit by Edna M. Rathbun against C. E. McDowell to recover rent. From a judgment in the county court on appeal from the justice court in favor of the plaintiff after directed verdict, defendant appeals. Affirmed.

G. P. Brown and L. C. Clifton, both of McKinney, for appellant. L. J. Truett and H. C. Miller, both of McKinney, for appellee.

TALBOT, J. This suit originated in the justice court. The appellee sued the appellant to recover the value of 122 bushels of wheat and 27½ bushels of barley, alleged to be due as rent for the use of 100 acres of land during the year 1915. The wheat was alleged to be of the value of $1 per bushel and the barley 80 cents per bushel, aggregating the sum of $144. Upon the ground that the rent was due, appellee sued out a distress warrant and caused the wheat and barley raised by the appellant on the rented premises to be seized. The appellant answered and filed a cross-action seeking to recover of appellee, for illegally suing out the distress warrant and converting to her own use the wheat and barley seized, the sum of $192, alleging said sum to be the total value of the same. A trial of the case in the justice court resulted in a judgment in favor of the appellee for the amount sued for with foreclosure of the landlord's lien, and that the appellant take nothing on his cross-action. From this judgment the appellant appealed to the county court, where, after the introduction of the evidence was concluded, a verdict in favor of the appellee for the sum of $144 with foreclosure of landlord's lien

was instructed by the court, and from the judgment entered in accordance with such verdict the appellant appealed to this court.

The controlling question arising on the appeal, and which is presented by appellant's first assignment of error, is: Did the trial court err in directing the jury to return a verdict in favor of the appellee for the amount sued for with foreclosure of the landlord's lien upon the property seized by virtue of the distress warrant? The facts upon which a decision of the question turns are substantially as follows: The appellant had been renting land from the appellee for several years prior to 1915. On the 9th day of January, 1915, they entered into a contract in writing, whereby appellee rented to appellant her farm situated in Collin county, Tex., consisting of about 90 acres in cultivation; the appellant agreeing to pay as rental therefor one-third of all the grain and one-fourth of all the cotton grown on said farm during that year. This contract stipulated that, should the appellant fail or refuse to work or gather the crops, then appellee should have the right to have them worked or gathered in due season and to take a sufficient amount out of the part going to appellant to cover the expense incurred by the appellee in having such work done. At the time this contract was executed, the appellee held the appellant's note for $90, bearing interest and providing for attorney's fees, upon which there was due at the time of the institution of this suit $102.85, and it was stipulated in said contract of January 9, 1915, that said note was to be paid out of the wheat crop raised by appellant on appellee's farm during the year 1915. In addition to said note, appellant was indebted to appellee in the sum of $14.50, which she had advanced to him during the year 1914 to buy supplies with. During the threshing season of 1915, appellee called upon appellant several times to have the wheat threshed, and he told her he could not get it done. Appellee testified that appellant gave his consent for her to have the wheat threshed, and that she then had it threshed, because it was needing threshing, and appellant had told her that he was not going to have it threshed. There were about 418 bushels of wheat and about 84 bushels of barley threshed out by appellee. Of the wheat so threshed, 196 bushels were sold by appellee for $176.75. Appellee applied this sum to the payment of the expenses incurred for threshing the grain and to the payment of the note and account due her by appellant, leaving a balance in her hands of $3.25 which was applied as a credit on the rent due for the year 1915. After appellee had caused the grain to be threshed and had sold 196 bushels thereof and applied the proceeds of such sale as has been stated, two-thirds of the balance was put in the granary on the farm as appellant's part thereof and one-third as due appellee for rent, and

appellant then refused to let appellee haul any more of it away. The appellant testified, in substance, that appellee came to him and wanted to know why he did not have the grain threshed, and that he told her that it was too wet; that appellee replied that it was not too wet, and that if he did not have the threshing done she was going to have it done; that he finally agreed she could have her one-third threshed; that he had tried to get two or three parties to thresh for him, but they were too busy. He further stated that he thought at first that appellee was hauling off her part of the grain, and after she had hauled about 300 bushels he refused to allow her men to haul any more; that he did not give his consent for appellee to sell the wheat and apply the proceeds on the note he owed her; that when she had gotten enough wheat to pay her rent he would not let her men haul any more away; and that she then "had distress papers" served on him, and the constable came out and took charge of the wheat and barley which had been put into the granary. He further testified: That appellee then dismissed her suit and gave him the following notice in writing, to wit:

"Blue Ridge, Tex., July 23, 1915. Mr. C. E. McDowell, Blue Ridge, Tex.—Sir: You are hereby notified that the records kept of the thrashing of wheat and barley on Miss Edna M. Rathbun's place now rented by you, show there is held by you 33⅓ bushels of rent wheat, and 27½ bushels of rent barley. You are hereby given full notice and warning that this wheat and barley must not be moved off the Rathbun place by you under the penalty of the law. Sincerely yours, Edna Rathbun."

That at this time appellee's wheat and barley were in the granary with his, and that he did not forbid her getting her part. That afterwards appellee instituted another suit (this suit), and the constable came out again and took charge of all the wheat and barley in the granary. The record does not disclose why the first suit referred to by appellant was dismissed. The appellee testified that she gave appellant the written notice of July 23, 1915, after that suit was dismissed, and that after appellant refused to let her men get any of the wheat she filed this suit, and the constable took charge of all of the wheat and barley in the granary; that the wheat and barley which she had levied on in this suit was sold under an order of sale issued by the court for the sum of $189.25; and that the constable's expenses of the sale were $24.18, leaving in his possession $165.07. Appellee further testified that she did not read the written notice of July 23, 1915, which was served upon appellant; that said notice was written by her lawyer and was incorrect in stating the rent wheat held by appellant to be 33⅓ bushels.

[1] There is some conflict, as will be noted, in the evidence, but the foregoing undisputed facts, in our opinion, left practically no disputed issue, material to an ascertainment of the rights of the respective parties, for

the determination of the jury, and hence the charge of the court directing the jury to return a verdict in favor of appellee for the amount sued for with foreclosure of her lien was proper. The evidence shows an ordinary renting with statutory lien to secure the payment of the rent, and that appellee's rent was due and unpaid cannot, we believe, be successfully controverted. This alone gave her the right to sue out the distress warrant and have the grain in question seized to secure the payment of said rent. The fact that appellee had the right to go upon the rented premises, thresh the grain, and sell enough of it to pay off the note she held against the appellant, was very conclusively established. If there is any dispute in the oral testimony of this right, the rental contract entered into between appellee and appellant for the year 1915 settles the question beyond controversy in appellee's favor. The provisions of said contract which so establishes the right of appellee to so deal with said grain are stated above in this opinion and need not be repeated here. There is no pretense that the note in question had been paid prior to the threshing of the wheat, or that for any reason it was not justly due and owing by appellant. Neither is there any such pretense with reference to the account of $14.50 advanced to appellant during the year 1914 to enable him to buy supplies. It is quite clear, we believe, that the contingency upon which appellee's right to thresh the grain and apply a sufficient amount of the proceeds arising from a sale thereof to the payment of the note held by her against appellant had occurred, and, having such right, the contention of appellant that the appropriation of the 196 bushels of wheat, or its proceeds, by appellee, should be held to be a payment of the rent due her by appellant for the year 1915, cannot be maintained.

[2] But if it should be conceded that appellee did not have the right to enter upon the rented premises and thresh the grain without appellant's verbal consent, and that she had obtained, according to his testimony, his consent to go thereupon and thresh only her one-third of the grain, still she was not a trespasser, and, having possession of the wheat, she could, under the terms of her written contract with appellant, lawfully apply a sufficient amount thereof to pay off and discharge the note she held against him. The permission given appellee to thresh her one-third of the grain carried with it the right to thresh all of it, because the amount of such one-third could not be known without threshing the total yield of the crop.

[3] Nor can the mere setting apart to appellee in the granary on the rented premises of one-third of the grain left after the sale of the 196 bushels by W. W. Gregg, whom appellee employed to superintend the threshing, be regarded as a payment to appellee of her rent. Gregg, as shown by the undisputed evidence, was employed by appellee to look after the threshing of the grain, and there is no testimony in the record that would warrant the conclusion that he was authorized or empowered to make a division of the grain between appellant and appellee that would be binding upon appellee, or that such division, or setting apart, as may have been made, was accepted by appellee. It is true appellant testified that he did not forbid appellee "getting her part" of the grain, but he further testified, in connection with appellee's sale of the 196 bushels of wheat that:

"When she had gotten more than enough wheat to pay her rent, * * * I would not let her men haul any more of the wheat."

This and other statements[4] of the appellant clearly show that he regarded the appropriation by appellee of the 196 bushels of wheat, which she sold for $176.75, as a payment of the rent and not the setting aside by Gregg of the one-third that was left after such appropriation, as a payment thereof. The wheat, at the time it was seized under the distress warrant, had not been removed by appellee from the rented premises, and was in the possession or under the control of appellant, and, appellee's rent being then due, she had the legal right to seize it by such process.

It results from the foregoing conclusions that the trial court did not err in refusing the special charges requested by appellant, the refusal of which is made the basis of several assignments of error, and did not err in permitting the introduction of the written contract entered into between appellant and appellee on the 9th day of January, 1915, and the note held by appellee against appellant to the payment of which she applied a part of the proceeds arising from the sale by her of wheat threshed by her.

Believing no error is pointed out which requires a reversal of the judgment of the court below, it is affirmed.

Affirmed.